# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAULA TURNER, | Case No. 4:10-cv-03159-RGK-CRZ |
| Plaintiff, | |
| v. | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, AIG DOMESTIC CLAIMS, INC., and SARETSKY, HART, MICHAELS & GOULD, P.C. | **PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, Defendant Saretsky, Hart, Michaels & Gould, P.C. ("Saretsky"), have requested (or will request) from Plaintiff through discovery, "Documents and information concerning any Settlement Agreements and Releases entered into by Plaintiffs in this action pertaining to VSR Financial Services, Inc.; VSR Group, Inc.; Paula Turner; Rebecca Engle; and other defendants or respondents in related litigation and arbitration.";

WHEREAS, Plaintiff reasonably believes they have a duty to disclose some or all of this information, with limits and protection, pursuant to Fed. R. Civ. P. 26(b)(1), 26(c) and 34;

WHEREAS, the Plaintiff is contractually obligated under the terms of certain Settlement Agreements to maintain those Settlement Agreements as Confidential and only produce said Settlement Agreements subject to an Order of the Court; and,

WHEREAS, Plaintiff wishes to adhere to those Agreements and maintain the confidentiality of the documents to the fullest extent possible and protect the information from public disclosure.

IT IS HEREBY AGREED AND ORDERED:

-1-

1.	Plaintiff shall produce all Settlement Agreements and Documents entered into by Plaintiff in this action, or any other action, which may in full or in part pertain to the Defendants in this lawsuit, or their insureds.

2.	When used in this Order, the word "Documents" means all written, recorded or graphic matter whatsoever including, but not limited to documents produced by the producing party to this action whether pursuant to Fed. R. Civ. P. 26(b)(1), 26(c) and 34, subpoena or by agreement.

3.	All Documents and every portion thereof, produced by Plaintiff relating to any Confidential Settlement Agreement, shall be marked **CONFIDENTIAL** and be considered "Confidential" for purpose of this Order and shall be used by the non-producing parties only for the preparation for and conduct of proceedings herein and not for any business or other purpose or proceeding whatsoever. This Order shall not apply to any document (that would otherwise be confidential hereunder) if that document has already been made public.

4.	No Confidential documents, nor any portion or summary thereof, shall be given, shown, disclosed or communicated by the non-producing parties in any way to any person or entity other than:

>	(a)	James A. Snowden, the attorney of record for Defendant Saretsky, and members of that firm (Wolfe Snowden Hurd Luers & Ahl) and its legal assistants or staff on a need to know basis, any expert witness retained by the Defendant in this litigation, and the principals of the Defendant Saretsky;
>
>	(b)	a representative of an insurance carrier providing defense or indemnification to Defendant Saretsky.

5.     Before disclosure of any Confidential document is made to any person described in paragraph 3(b) above, the person to whom disclosure is made shall be given a copy of this Order and shall agree in writing to be bound by the terms of this Order.  Counsel for Saretsky shall maintain a file of such written agreements until this action is completed.

6.     No person to whom a document or information designated Confidential pursuant to this Order is furnished or disclosed shall copy or otherwise use the document or information for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, trial or other proceedings associated with this litigation.

7.     Any party or attorney for a party furnishing documents or disclosing information pursuant to the terms of this Order shall not waive the confidentiality thereof.

8.     Any document designated as Confidential may be used to examine or cross-examine any witness at any hearing, deposition, or trial in this action.  However, to the extent that any other person is present at such hearing, deposition, trial, or other legal proceeding and is not a person to whom the designated Confidential document or information may be disclosed, and subject to any agreement or Court order otherwise, there shall be no disclosure of the designated Confidential information or document unless and until all such persons are excluded from the proceeding during the disclosure or use of the material.  Every court reporter taking any testimony relating to designated confidential documents or information shall be informed of and provided with a copy of this Order and shall adhere to the provision hereof.

9.     Should a document designated Confidential pursuant to this Order be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information governed by this Order be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition,

hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be <u>filed in compliance with the procedures set forth in the Civil Rules of the United States District Court for the District of Nebraska for electronically filing sealed or restricted documents</u>.

10.     At the conclusion of all proceedings in this litigation, all Confidential documents governed by the terms of this Order (and all copies of such documents) shall be returned, from any person in possession thereof, to the producing party. The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further reorder of this court or until the producing party claiming confidentiality has waived the same in writing.

11.     This Order shall in no way affect or impair the right of any party or person to raise or assert any defense or objection, including but not limited to defenses or objections to the discovery or production of documents or information, and to the use or admissibility at trial of any evidence, whether or not comprised of documents or information governed by this Court order.

12.     This Order shall not be construed as preventing any person from making use of or disclosing any documents or information which were lawfully in possession of that person prior to the date of this Order or lawfully obtained from a third-party.

13.     This Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

14.     The Court may, in its discretion, impose sanctions upon any person who grants access to the confidential documents or information for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including

consequential damages, sanctions, costs, attorneys' fees and other appropriate relief. However, sanctions shall not be imposed in the event of an inadvertent disclosure of Confidential documents.

DATED this 23rd day of December, 2010.

BY THE COURT:

_____
United States Magistrate Judge

PREPARED AND SUBMITIED BY:

By:   */s/ J. L. Spray*
    J. L. Spray, #18405
    Randall V. Petersen, #17390
    Patricia L. Vannoy, #24264
    MATTSON, RICKETTS, DAVIES,
    STEWART & CALKINS
    134 South 13th Street, Suite 1200
    Lincoln, Nebraska 68508-1901
    Telephone No.: (402) 475-8433
    Facsimile No.: (402) 475-0105
    E-mail: jls@mattsonricketts.com

By   */s/ David M. Gaba*
    David M. Gaba, #17960
    Compass Law Group, PLLC
    1001 Fourth Avenue, Suite 3200
    Seattle, WA 98154
    Ph: (206) 251-5488
    Fax: (206) 343-6234
    davegaba@compasslegal.com

    Attorneys for Plaintiff

APPROVED AS TO FORM AND CONTENT:

By:   */s/ James A. Snowden*
    James A. Snowden, #13927
    Wolfe Snowden Hurd Luers & Ahl
    Wells Fargo Center
    1248 O Street, Suite 800
    Lincoln, NE 68508-1424
    Telephone: (402) 474-1507
    Fax: (402) 474-3170
    jsnowden@wolfesnowden.com

    Attorney for Saretsky, Hart, Michaels & Gould, P.C.