IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAULA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| AIG DOMESTIC CLAIMS, INC., | ) | MEMORANDUM AND ORDER |
| AMERICAN INTERNATIONAL | ) | |
| SPECIALTY LINES INSURANCE | ) | |
| COMPANY, and SARETSKY, HART, | ) | |
| MICHAELS & GOULD, PC, | ) | |
| | ) | |
| Defendants. | ) | |

In accordance with the court's general orders on court-annexed mediation and the Mediation Plan for this district ("Plan"),

IT IS ORDERED:

1) The claims between the plaintiff and defendants AIG Domestic Claims, Inc. and American International Specialty Lines Insurance Company are referred to mediation before Con Keating, such mediation to be held on March 29, 2011.[1]

2) The motion to stay, (filing no. 18), filed by defendants AIG Domestic Claims, Inc. and American International Specialty Lines Insurance Company is granted in part. This case is stayed for a period of 45 days from the date of this order to permit the mediating parties to mediate this case and, as appropriate, finalize and execute any settlement and dismissal documents.

3) Except as otherwise provided herein, the plaintiff and defendants AIG Domestic Claims, Inc. and American International Specialty Lines Insurance Company and their counsel and any insurance company having an interest shall personally attend all mediation sessions scheduled by the mediator. At least one person from each party and insurance company shall have full settlement authority. Such persons and

---

[1] The mediation at issue is scheduled pursuant to a contract provision. Defendant Saretsky, Hart, Michaels & Gould, PC is not a party to that contract and is not hereby ordered to participate in the mediation. Whether it chooses to do so is up to the parties.

   entities are further ordered to prepare for and participate in the mediation in accordance with the Plan and in objective good faith.

4)  In preparing for the mediation, counsel for the mediating parties <u>shall</u>:

  a.  Confer with the clients to assure compliance with paragraph 3 and 5 of this order;

  b.  Confer with opposing counsel to:

    i.  Disclose and resolve any problematic circumstances that might give rise to a contention of lack of full settlement authority or a lack of objective good faith;
    ii.  Exchange proposals for settlement, in accordance with paragraph 5, below; and
    iii.  Confirm their decision to have this action stayed pending the outcome of the mediation in accordance with paragraph 9, below; and

  c.  Submit to the mediator a brief (no more than four pages) summary of the case, the client's attitude toward settlement, the history of the parties' prior settlement negotiations, the client's reasons, other than money, to seek settlement, and any other materials requested by the mediator, such as discovery materials and/or case citations. A copy need not be given opposing counsel.

5)  Prior to the mediation, counsel shall exchange proposals for settlement and discuss their clients' respective aims in settlement. If, as a result of such discussions, counsel for any mediating party is of the view that the mediating parties' positions and interests are so divergent that settlement of the dispute is not realistically possible, counsel shall seek a telephone conference with the undersigned and opposing counsel to determine whether the mediation should be cancelled. Such telephone conference shall be arranged in sufficient time to avoid the incurring of expenses by the mediating parties, representatives, and counsel in attending the mediation session, ordinarily at least three working days before the mediation session. Even if the mediation is cancelled, the mediating parties may be responsible for expenses then incurred by the mediator in accordance with paragraph 8, below.

6)  The mediating parties and counsel are reminded that the court may impose sanctions, including dismissal of a claim or defense, monetary sanctions, or such other sanctions as may be authorized by Fed. R. Civ. P. 16(f), should such persons or entities fail to comply with this order in objective good faith.

7)   Any objection to this order shall be filed within seven working days, and shall comply with paragraph 3(f) of the Plan.  A copy shall be served on the mediator.

8)   The cost of the mediation shall be borne by the mediating parties to the mediation at the rate established by the mediator.  Unless otherwise agreed, the plaintiff or plaintiffs shall pay one-half of the mediation fee, and the defendant or defendants shall pay one-half of the fee.  The parties shall arrange with the mediator to determine and pay the mediation fee before, at, or within five working days after the mediation session, or, in the case of a cancelled mediation, within thirty days following the cancellation.  If a party is unable to pay the costs of mediation, application to incur such expenses, to be reimbursed from the Federal Practice Fund must be filed before the mediation session.  Procedures and amounts are described in NEGenR 1.2(i), the Mediation Plan, Paragraph 3(b), and the Guidelines for Administration of the Federal Practice Fund, Paragraphs III. A., VI. E, and VI. G.  Judgment for the mediator may be entered for payment of fees or expenses, whether or not the mediation is successful, without advance notice if fees or expenses are not timely paid.

9)   The Clerk is directed to provide a copy of this order to all counsel of record and unrepresented parties, and to the mediator designated above, enclosing with the latter a copy of the relevant pleadings and the docket sheet for this case which lists the names of the parties and counsel of record.

10)  A telephonic hearing before the undersigned magistrate judge will be held on **April 21, 2011 at 9:00 a.m.** to discuss the status of the case and case progression.  Counsel for the plaintiff shall place or arrange the call.

March 4, 2011                                        BY THE COURT:

                                                     s/ *Cheryl R. Zwart*
                                                     United States Magistrate Judge