IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAULA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| AIG DOMESTIC CLAIMS, INC., | ) | MEMORANDUM AND ORDER |
| AMERICAN INTERNATIONAL | ) | |
| SPECIALTY LINES INSURANCE | ) | |
| COMPANY, and SARETSKY, HART, | ) | |
| MICHAELS & GOULD, PC, | ) | |
| | ) | |
| Defendants. | ) | |

　　　This case involves breach of contract, negligence and fraud claims against AIG Domestic Claims, Inc. and American International Specialty Lines Insurance Company, (collectively "the insurance defendants"), and a legal malpractice action against defendant Saretsky, Hart, Michaels and Gould ("Saretsky Hart"). The complaint alleges plaintiff Paula Turner was a securities broker in Nebraska City. The investment firm where she worked ("VSR"), and other registered brokers with whom she worked have been sued for numerous acts of securities fraud.

　　　Turner was allegedly covered by a professional liability policy issued by American International Specialty Lines Insurance Company (AISLIC), with AIG Domestic Claims, Inc. providing claims processing. The insurance defendants agreed to defend Turner in the various securities arbitrations instituted against her, VSR and her co-workers, and mandated the retention of Saretsky Hart for the defense of Turner and her co-worker Rebecca Engle. Turner filed the above-captioned case in this forum alleging the insurance defendants and Saretsky Hart committed various acts of malfeasance during the course of Turner's defense.

　　　Pursuant to the AISLIC policy language, the parties must participate in ADR before litigation. The court therefore entered a Mediation Reference Order to enforce the policy's

ADR clause, (see filing no. 22), and the plaintiff and the insurance defendants are scheduled to mediate this case on March 29, 2011.

The insurance defendants filed an "Objection to Mediation Reference Order" which, in essence, requests an order compelling the plaintiff to produce documents prior to the mediation. (Filing No. 23). The AISLIC policy does not address discovery prior to ADR. However, for the purpose of preparing for the mediation, the insurance defendants state they need copies of: 1) settlement agreements "to investigate damages, set-offs, coverage, policy limits, choice of laws, collusion, intentional acts of fraud, and liability, among other things;" 2) assignments, if any, for this case and related cases; and 3) and "releases for any and all related claims and cases."[1]

Summarizing the parties' briefs on the Objection, Turner is willing to provide the requested settlement agreements, assignments, and releases, provided the insurance defendants returned or destroyed any copies of the documents produced. The insurance defendants claim they cannot comply with this condition because, pursuant to the Nebraska Administrative Code, they cannot destroy copies of such documents in their possession for at least two, and possibly up to seven years.

After conferring with the parties, and with the parties' agreement,

IT IS ORDERED that the "Objection to Mediation Reference Order," (filing no. 23), interpreted as a motion to compel the production of documents, is granted as follows:

1) As to any and all related claims and cases arising out of the same underlying facts as this lawsuit, the plaintiff shall file as Restricted Access documents in this court's CM/ECF system:

---

[1] With the exception of copies of any written assignments, defendant Saretsky Hart already has this information.

      a)      all settlement agreements that have been entered into and, if required, approved by the court;

      b)      all written assignments, if any; and

      c)      all releases.

All such documents are documents of the court, filed for the purpose effectuating the purposes of, and promoting the parties' compliance with this court's Mediation Reference Order.

The plaintiff shall file these documents on or before March 25, 2011 at 4:30 p.m. Plaintiff's counsel may contact Jeri Bierbower at (402) 437-1905 with any questions on how to file the documents.

2)    Counsel for the insurance defendants may receive paper copies of these documents, either directly from plaintiff's counsel or by printing the documents filed on the court's CM/ECF System. However, except upon further order of the court, counsel for the insurance defendants shall not provide copies of these documents to the insurance defendants. Counsel for the insurance defendants may, however, show the documents filed of record to the insurance defendants for the purpose of preparing for and participating in the mediation.

3)    Except upon further order of the court, the documents filed in accordance with this order, and the information within those documents, shall not be disclosed to third parties other than the mediator assigned to this case.

4)    The mediator is hereby advised, and the parties are reminded, that if an agreement is reached and any party or the mediator wants a court record of that agreement at the close of the mediation, the mediator shall contact my chambers at (402) 437-1670 to promptly schedule a hearing.

March 24, 2011                                 BY THE COURT:

                                                              _____
                                                              United States Magistrate Judge